### 43421. CHANDLER v. ROBERTS.

PANNELL, Judge. W. Fred Chandler brought an action against A. L. Roberts, seeking to recover a balance of $10,357.99 principal plus interest on a promissory note which had been secured by a security deed on approximately 45 acres of land. The defendant answered and pleaded that there had been a novation because the plaintiff had accepted in lieu of the note sued upon and the security deed securing the same, 5 promissory notes payable to the defendant respectively secured by security deeds on different portions of the 45 acres. Upon the trial of the case, the plaintiff called the defendant for the purpose of cross examination and he himself testified. The evidence showed that the amount plaintiff had collected on the assigned notes when applied as a credit on the note sued upon

would leave as a balance due the amount sued for. The testimony also showed that the parties were in dispute as to whether the assigned notes and security deeds were accepted in payment of the note sued upon or merely as substitute collateral, the original security deed having been canceled and surrendered and the original note having been retained, uncanceled, by the plaintiff. The trial court granted a nonsuit. *Held:*

1. The evidence was sufficient to authorize a jury to find that the notes and security deeds assigned were merely intended to replace the security for the note sued upon rather than being in payment thereof. Accordingly, the trial court erred in granting a nonsuit.

2. There being no dispute that one of the security deeds was to have been transferred to the plaintiff (but the actual transfer not having been entered thereon) and that the plaintiff had collected upon the notes for which the deed was given as security, there was no error in permitting the defendant to execute a transfer in writing thereon during the progress of the trial. In so holding, however, we do not decide whether or not the evidence was sufficient to authorize a finding that the notes and security deeds assigned and the acceptance thereof constituted a novation and thus an accord and satisfaction of the note sued upon.

   *Judgment reversed. Jordan, P. J., and Deen, J., concur.*

   ARGUED FEBRUARY 7, 1968—DECIDED APRIL 2, 1968.

*Orr & Joyner, W. Fred Orr, II,* for appellant.
*Lynwood A. Maddox,* for appellee.